| | |
|---|---|
| STATE OF LOUISIANA, | NO. 23-C-547 |
| COASTAL PROTECTION AND | FIFTH CIRCUIT |
| RESTORATION AUTHORITY | COURT OF APPEAL |
| VERSUS | STATE OF LOUISIANA |
| ERNEST HENRY AMANN, ET AL | |

December 04, 2023

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** STATE OF LOUISIANA, COASTAL PROTECTION & RESTORATION AUTHORITY

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 80,829

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT GRANTED; JUDGMENT VACATED**

In this writ application, plaintiff, State of Louisiana, Coastal Protection and Restoration Authority ("CPRA"), seeks review of the trial court's denial of its request to issue an order of expropriation in accordance with the quick-take expropriation procedures provided in La. R.S. 19:141, *et. seq.* CPRA seeks to expropriate various properties in St. John the Baptist Parish for the purpose of reducing land loss by means of the construction of the Mississippi River Reintroduction into Maurepas Swamp Project ("Maurepas Swamp Project"). For reasons stated more fully below, we grant CPRA's writ application, vacate the trial court's judgment, and remand for the trial court to enter an order of expropriation in accordance with La. R.S. 19:144.

On November 8, 2023, this Court granted CPRA's prior writ application and ordered the trial court to take action on CPRA's pending petition for expropriation in this matter. *State of Louisiana, Coastal Protection and Restoration Authority v. Hon. Vercell Fiffie*, 23-516 (La. App. 5 Cir. 11/8/23), 2023 WL 7381469. On November 12, 2023, the trial court entered a judgment denying CPRA's request to enter the order of expropriation stating that CPRA failed to comply with statutory requirements based on the following reasons:

> Specifically, reviewing the petition and document(s) attached thereto and noting that per Louisiana Revised Statute 38:354 and Louisiana Revised Statute 38:351, the mandatory language therein, this courts (sic) review of the current record notes that the mandatory shall language regarding expropriation requiring, [a] certified copy of a resolution adopted by the governing authority of the levee district or levee and drainage district, with the concurrence of not less than two-thirds of a quorum, declaring that the expropriation is necessary or useful for the purposes . . ., has not been complied with.

In its writ application, CPRA argues that the trial court erred as a matter of law because its petition for expropriation seeks to acquire property pursuant to the quick-take procedures set forth in La. R.S. 19:141, *et. seq.*, rather than La. R.S. 38:351, *et. seq.* as cited in the trial court's November 12, 2023 judgment. CPRA explains in its petition and writ application that it is the successor in interest to the expropriation powers of the former State of Louisiana Department of Public Works for all integrated coastal protection projects in the coastal zone.[1] Therefore, it alleges that it is authorized to expropriate immovable property pursuant to La. R.S. 19:141, *et. seq.*[2]

CPRA contends that its petition for expropriation contains the allegations and annexes the documents required by La. R.S. 19:2.1 and La. R.S. 19:142.

---

[1] CPRA further alleges that the Maurepas Swamp Project falls within the coastal zone.

[2] La. R.S. 19:141 provides:

> In any suit for the expropriation of property, including the fee simple title and servitudes, all port commissions and port authorities created by the constitution or statutes of Louisiana; Louisiana State University and Agricultural and Mechanical College; the Department of Public Works, State of Louisiana and the Sabine River Authority, State of Louisiana, may acquire the property prior to judgment in the trial court in the manner provided in this Part.

Further, La. R.S. 19:144 provides that once a party presents a petition for expropriation, the trial court shall issue an order of expropriation as follows:

> The petition shall conclude with a prayer that the property and/or servitude be declared taken for public purposes and, ***upon presentation of the petition, the court shall issue an order*** directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for public purposes at the time of the deposit. [Emphasis added.]

Based on the foregoing, we find that the trial court erred by denying CPRA's request for an order of expropriation in accordance with La. R.S. 19:144.

Accordingly, we grant the writ application, vacate the November 12, 2023 judgment, and remand to the trial court to enter an order expropriation in accordance with La. R.S. 19:144 prior to December 8, 2023.

Gretna, Louisiana, this 4th day of December, 2023.

**SUS**
**FHW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/04/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-C-547**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
D. Stephen Brouillette, Jr. (Relator)

James L. Bradford, III (Relator)
Vercell Fiffie (Respondent)

### MAILED

David A. Peterson (Relator)
J. Ryan Vivian (Relator)
Attorney at Law
150 Terrace Avenue
Baton Rouge, LA 70802

Eliana Defrancesch  (Respondent)
Clerk of Court
40th Judicial District Court
2393 Highway 18, Suite 100
Edgard, LA 70049

Goldie Rainey  (Respondent)
Legal Secretary
40th Judicial District Court, Division A
2393 Highway 18, Suite 100
Edgard, LA 70049

23-C-547

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David A. Peterson
J. Ryan Vivian
Attorneys at Law
150 Terrace Avenue
Baton Rouge, LA 70802
23-C-547                    12-04-23

9590 9402 2434 6249 3646 87

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8223

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  L. Elaine Wallace          ☑ Agent
                              ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Elaine Wallace                   12-7-23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt